UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION )<br>LABORERS WELFARE FUND, et al., )<br>)<br>v. )<br>)<br>A SHINING STORE, INC., )<br>    a Missouri corporation, )<br>)<br>Defendant. ) | Case No. 4:08cv1485JCH |

## JUDGMENT AND ORDER

This action was brought under ERISA, 29 U.S.C. §1132, and the Labor-Management Relations Act, 29 U.S.C. §185. Defendant A Shining Store, Inc. was served with a Summons and Complaint on September 30, 2008, and has never filed an Answer or made an appearance in this matter. The Clerk has accordingly entered Default against Defendant. This matter is now before the Court on Plaintiffs' Motion for Default Judgment.

Plaintiffs are several collectively-bargained employee benefit funds and their duly designated Trustees. Plaintiffs have established by the affidavit of Bernard Difani that Defendant was party to two collective bargaining agreements with Locals 42-53-110 of the Laborers International Union of North America. These agreements require Defendant, *inter alia*, to submit monthly reports and make monthly contributions to the various Plaintiff funds based on hours worked by Defendant's employees covered by the agreements. The two agreements are essentially the same, at least in terms of their provisions on fringe benefit contributions, with the exception that the Residential Construction Employers Agreement only requires contributions to the Pension and Welfare Funds, while the Associated General Contractors Agreement requires contributions to those funds plus the Training and Vacation Funds. In addition to the required

contributions, the agreements call for payment of liquidated damages of 20 percent on unpaid or late-paid contributions, as permitted by ERISA.

As established by the Affidavit of Bernard Difani, Defendant has failed to timely submit monthly reports and payments for the time period of October 2007 to the present. Although some payments have been made, they were largely untimely. As of November 7, 2008, Defendant owed the Funds some $69,434.17 in delinquent contributions through the month of September 2008. Liquidated damages on those unpaid contributions, as well as those incurred on late-paid contributions between October 2007 and the present, total $30,571.34.

Plaintiffs have also been forced to spend not insignificant sums in pursuing this litigation. Plaintiffs have established by Affidavit that they have incurred $852.50 in attorneys fees and $401.00 in court and other costs since this lawsuit was initiated.

Pursuant to 29 U.S.C. §1132(g)(2), plaintiffs are entitled to recover all of the principal contributions owed, plus liquidated damages, interest and attorneys' fees and costs. Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan v. Hroch, 757 F.2d 184 (8th Cir. 1985); Operating Engineers Pension Fund v. Reed, 726 F.2d 513, 514 (9th Cir. 1984)(award of liquidated damages mandatory).

Plaintiffs are entitled to judgment in the total amount of $101,259.01. This total consists of the $69,434.17 in delinquent contributions through the month of September 2008, and liquidated damages on those unpaid contributions, as well as those incurred on late-paid contributions between October 2007 and the present, in the amount of $30,571.34, plus $852.50 in attorneys fees and $401.00 in costs.

Judgment will be entered separately.

SO ORDERED.

_____    11/25/08
UNITED STATES DISTRICT JUDGE     Date